HOLLOWAY, Circuit Judge,
concurring in part and dissenting in part.
I join the majority in affirming the convictions of both Charles Sharp and Michael Griggs. Like the majority, I also believe that Mr. Griggs’s challenge to the procedural reasonableness of his sentence must be reviewed for plain error only. But the majority and I part company on the question of the substantive reasonableness of Mr. Griggs’s fine itself. I am unable to assent to the majority’s conclusion that the district court’s imposition of a $500,000 fine on Mr. Griggs was substantively reasonable “given all the circumstances of the case in light of the factors set forth in § 3553(a).” United States v. Sayad, 589 F.3d 1110, 1116 (10th Cir.2009) (brackets and internal quotation marks omitted). Accordingly, I would vacate the $500,000 *1294 fíne imposed on Mr. Griggs and remand to the district court for resentencing.
A “‘sentence’ is broadly defined to include not just terms of imprisonment, but also ... fines.” United States v. Perez-Jiminez, 654 F.3d 1136, 1146 (10th Cir.2011); see also 18 U.S.C. § 3551(b)(2) (“An individual found guilty of an offense shall be sentenced ... to ... a fine-”). When determining the amount of a fíne, a district court is bound to consider “the burden that the fine will impose upon ... any person who is financially dependent on the defendant.” 18 U.S.C. § 3572(a)(2). The district court also must take into account “whether restitution is ordered or made and the amount of such restitution.” Id. § 3572(a)(4). As to the latter point, “the court shall impose a fíne or other monetary penalty only to the extent that such fíne or penalty will not impair the ability of the defendant to make restitution.” Id. § 3572(b). These statutory requirements are mirrored in the Guidelines themselves. See U.S.S.G. § 5E1.2(d)(3)-(4) (“In determining the amount of the fine, the court shall consider ... the burden that the fíne places on the defendant and his dependents relative to alternative punishments [and] any restitution or reparation that the defendant has made or is obligated to make.... ”). The district court uttered not a word about the factors emphasized above.
We review a sentence for substantive reasonableness under an abuse-of-discretion standard. See Sayad, 589 F.3d at 1116. A district court abuses its discretion when it imposes a sentence that is “arbitrary, capricious, whimsical, or manifestly unreasonable.” United States v. Muñoz-Nava, 524 F.3d 1137, 1146 (10th Cir.2008) (quotation omitted). Having considered the totality of the circumstances in this case, I am left with the firm impression that the district court exceeded the bounds of reasonableness by imposing an arbitrary fine on Mr. Griggs without fairly considering the fine’s consequences.
Despite having an obligation to do so, the district court did not consider the burden that a heavy fine would place on Mr. Griggs’s wife and daughter. It likewise neglected to take into account whether such a formidable fine would also impair Mr. Griggs’s ability to make restitution, which had been ordered in the amount of $477,643.49. The government admits the district court procedurally erred in both respects. See Appellee’s Consolidated Answer Br. at 45-46. The district court also calculated Mr. Griggs’s fíne while working under the mistaken belief (courtesy, it appears, of an incorrect figure given by the probation office in the presentence investigation report) that the high end of his Guidelines fine range was $3,500,000, rather than $125,000. The much higher $3,500,000 figure represents the statutory maximum fine for Mr. Griggs’s offense, not the actual Guidelines fíne relevant to his case.
It is evident that the district court was not advised until the very moment of sentencing that the $500,000 fine varied significantly upward from the upper range of the Guidelines. Yet, when presented with this information at Mr. Griggs’s sentencing hearing, the district court still stubbornly adhered to the $500,000 amount, deciding on the fly that Mr. Griggs’s fine would now be a variant one. This was done without discussing the burden that the highly variant fine would put on Mr. Griggs’s family or how that fine would affect his no-less-substantial responsibility to pay restitution. None of this inspires confidence in the majority’s conclusion that the $500,000 fine was, on balance, a reasonable one.
The district court’s significant procedural errors — admitted by the government— cannot help but bleed into the question whether the fíne, viewed in its totality, was *1295 substantively reasonable. I believe the district court’s lack of awareness of the Guidelines range (and lack of willingness to revisit its position once being made aware of the correct Guidelines range at the sentencing hearing) made it inevitable that the amount of the fine imposed would be colored by arbitrariness. And such arbitrariness is, by its very nature, unreasonable.
When fashioning a sentence for someone judged guilty of a crime, a court must consider how that sentence will “promote respect for the law, and ... provide just punishment for the offense.” 18 U.S.C. § 3553(a)(2)(A). An arbitrary sentence furthers neither of these goals. In light of the district court’s initial miscalculation of the fíne under the Guidelines, its failure to revisit the amount of the fine after being informed of the correct sentencing range, and the fact that it did not consider the assuredly significant impact of a sizeable fine on Mr. Griggs’s wife and daughter or on his obligation to pay restitution, I am convinced the $500,000 fine imposed on Mr. Griggs was manifestly unreasonable due to its arbitrariness and thus should not be allowed to stand. Although I am “well aware that the district court is in a ‘superi- or position to find facts and judge their import under § 3553(a),’ ” United States v. Friedman, 554 F.3d 1301, 1310 (10th Cir.2009) (quoting Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)), I believe this is precisely a case where highly pertinent facts were not found, much less carefully weighed, by the district court, resulting in the imposition of an arbitrary, unreasonable, and likely excessive fine.
True, the district court still might have come up with the $500,000 amount even if it had been correctly advised of the Guidelines range in the first place, even if it had considered the burden of the fine on Mr. Griggs’s wife and daughter, even if it had taken into account the interplay of the fine with the restitution amount, and even if it had paused for even a few minutes at Mr. Griggs’s sentencing hearing to process the fact that it had just been informed it had calculated a fine using a Guidelines range that was wildly off-base. And, to be sure, the district court’s finding that Mr. Griggs had concealed assets must also be given its due weight. But with so much guesswork already required, I decline to speculate about whether the district court, in effect, arrived at the right destination with the wrong roadmap. I would avoid further conjecture and post hoc rationalization by vacating Mr. Griggs’s fine and remanding the matter for a new sentencing hearing— the only thing, at this point, that can provide the necessary assurance that Mr. Griggs’s fine has not been arbitrarily imposed.
Although in all other respects fully concurring in today’s opinion, I respectfully dissent from the majority’s affirmance of the $500,000 fine imposed on Mr. Griggs by the district court.